IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | NO. 3:15-CV-00703 |
| LNV CORPORATION et al; CODILIS & STAWIARSKI P.C.; | § § § § | MOTION TO SEVER AND REMAND |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

MOTION TO SEVER AND REMAND

Come Now Plaintiffs Samuel G. and JoAnn Breitling and move that this Honorable Court to sever the Defendants LNV Corporation ("LNV") and Codilis & Stawiarski ("Codilis") and remand LNV back to the Dallas County District Court of Texas while retaining federal jurisdiction of Plaintiffs' federal Fair Debt Collection Practices claims against Codilis.

Plaintiffs filed two previous motions for remand in this Honorable Court. Their motion to remand filed on April 27, 2015 was exparte and is sealed. It was denied within days with no determination of fact or memorandum of law provided. Denial of Plaintiffs' remand at that time prevented them from receiving the protection that the Texas District Court could have provided specific to foreclosure and eviction, and caused Plaintiffs considerable harm.

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, signed into law on December 7, 2011, became effective on January 6, 2012. This law applies to all cases removed to federal court after January 6, 2012. The most substantial changes to federal jurisdiction pursuant

to the Act are modifications made to Sections 1441 and 1446 of Title 28, specific to procedures for removing cases to federal court. This Act eliminates the federal court's discretion to hear state law claims asserted in a case removed to federal court on the basis of federal question jurisdiction. Under the new Section 1441(c), while a case involving a federal question may be removed to federal court, upon removal, the district court "shall sever from the action all state claims.....and shall remand the severed claims to the State Court from which this action was removed."

On March 4, 2016, this Honorable Court issued an Order and Memorandum of Law. Judge Jane Boyle states in this Order and Memorandum that Plaintiffs' claims fail as a matter of law because this court lacks jurisdiction over foreclosure and eviction. Plaintiffs will be irreparably harmed if this Court fails to sever the parties and remand Defendant LNV back to the State Court from which it was removed (twice) for adjudication of their illegal foreclosure (LNV violated Texas foreclosure statutes) and eviction claims.

Plaintiffs' federal question causes of action have been established against Defendant Codilis. Their State claims, which were always State claims, and which this court earlier refused to remand, can be established once Defendant LNV is remanded back to Texas District Court. The claims against Codilis are not joined to the claims against LNV so there is no good cause to keep Defendant LNV in federal court and protect them from the consequences of their State law violations. Nor is it just for this court to prevent Plaintiffs from seeking relief for their State claims against Defendant LNV.

See e.g. <u>Smith v Rotocraft Leasing Co.</u> *No 07-0681, 2007 WL 1385873, at 1(W.D. La May 8, 2007)* (severing improperly joined claim) and <u>State Farm Fire and Cas. Co.</u> *No. 2:07-cv-*

1767, 2008 WL4072819 at 3(W.D. La July 2, 2008) (Stating that where the court is able to determine that "claims are misjoined on the basis of the pleadings, the Court may choose to sever claims on its own initiative, in the interest of judicial efficiency, and remand only the improperly joined claims, while retaining those claims properly within its jurisdiction.")

More importantly is <u>Brunet v United Gas Pipeline Co.</u>,15F3d 500, 505 (5th Cir 1994) <u>Heller Healthcare Finance, Inc. v Boyes</u> 2001 U.S. District LEXIS 20091, 1 (N. D. Tx. Dec. 5, 2011(district court granted motion to sever because any harm to the parties was too speculative to warrant DENYING a severance.) and <u>Dockeray v Francis</u> 2004 U.S. District LEXIS, 6 (N.D. Tx.Sept.28,2004) (court has broad discretion when deciding to sever parties and claims and may do so when they are misjoined or might otherwise cause delay or prejudice."

Plaintiffs made it clear on June 22, 2015 at the Status Conference Hearing (See Exhibit A, the transcript of the Status Conference Hearing) what their claims were specific to LNV's blatant and willful violations of Texas Rules of Civil Procedure 736 et seq.

Plaintiffs have claimed <u>illegal</u> foreclosure NOT wrongful foreclosure. There is a huge distinction between an <u>illegal foreclosure</u> and a wrongful foreclosure. Plaintiffs, however do meet the criteria for wrongful foreclose because of deceptive monetary discrepancies throughout LNV's activities. (LNV told Plaintiffs it would require over $240,000 to cure the note; at the auction the house was listed for $103,000; the first and only bid was made by LNV for just over $149,000.) However their claims are, and always have been, that LNV violated Tex. Const. Art. XVI, § 50(a)(6)(D) and Texas Rules of Civil Procedure 736.

Plaintiffs have steadfastly alleged i<u>llegal</u> foreclosure because LNV willfully violated the automatic stay on the sale of Plaintiffs' property pursuant to Texas Rules of Civil Procedure

736.11.  LNV also violated Texas penal code because the mortgage instruments, assignments of deed of trust (i.e. mortgage security instruments) that LNV submitted to the State court to support their foreclosure complaint are intentionally manufactured forgeries, made with intent to deceive the courts about LNV's standing to bring such an action against Plaintiffs and Plaintiffs' property. Fraudulent endorsements and counterfeit instruments manufactured to deceive do not convey standing to foreclose on property. These instruments are void.

LNV never had standing to foreclose on Plaintiffs' property. Plaintiffs challenged LNV's standing before Texas Judge Tillery, but he failed to adjudicate their claims and made an unconstitutional summary judgment Order favoring LNV without addressing the question of whether LNV had standing.  This court has not addressed whether Defendant LNV had standing to foreclose. No court has addressed the question of whether LNV lacked standing to bring a foreclosure action against Plaintiffs.

Plaintiffs have steadfastly challenged the authenticity of the mortgage instruments LNV submitted to court; yet the authenticity of these instruments which LNV claim give it standing has NEVER been addressed or adjudicated by any court.  The burden of proof was on LNV as Plaintiffs in *LNV v. Breitlings* from which this case originates. When the absence of subject-matter jurisdiction is noticed by, or pointed out to, the trial court, that court has no jurisdiction to entertain further motions or pleadings in the case. It can do nothing but dismiss the action forthwith. "Any other action taken by a court lacking subject matter jurisdiction is null and void." Rainbow Drive, 740 So. 2d at 1029 (quoting Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo. Ct. App. 1996)).  If this court never had jurisdiction over Plaintiffs' State claims then Judge Boyle's Orders as to LNV are null and void.

Furthermore, a significant ruling from the California Supreme Court <u>YVANOVA v. NEW CENTURY MORTGAGE CORPORATION,</u> *Supreme Court of California, No. S218973, Filed February 18, 2016,* overturning the Court of Appeal's decision and addressed standing to foreclose and homeowners standing to challenge the authenticity of assignments of deed and a foreclosing party's standing to foreclose. Quoting from the Order:

> "The Court of Appeal concluded leave to amend was not warranted. Relying on <u>Jenkins v. JPMorgan Chase Bank, N.A.</u> *(2013) 216 Cal.App.4th 497 (Jenkins)*, the court held plaintiff's allegations of improprieties in the assignment of her deed of trust to Deutsche Bank were of no avail because, as an unrelated third party to that assignment, she was unaffected by such deficiencies and had no standing to enforce the terms of the agreements allegedly violated. The court acknowledged that plaintiff's authority, <u>Glaski v. Bank of America, supra, 218 Cal.App.4th 1079 (Glaski),</u> conflicted with Jenkins on the standing issue, but the court agreed with the reasoning of Jenkins and declined to follow Glaski.
>
> We granted plaintiff's petition for review, limiting the issue to be briefed and argued to the following: 'In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?'…
>
> In itself, the principle that only the entity currently entitled to enforce a debt may foreclose on the mortgage or deed of trust securing that debt is not, or at least should not be, controversial. It is a "straightforward application of well-established commercial and real-property law: a party cannot foreclose on a mortgage unless it is the mortgagee (or its agent)." (<u>Levitin, The Paper Chase: Securitization, Foreclosure, and the Uncertainty of Mortgage Title</u> *(2013) 63 Duke L.J. 637, 640*.) Describing the copious litigation arising out of the recent foreclosure crisis, a pair of commentators explained: 'While plenty of uncertainty existed, one concept clearly emerged from litigation during the 2008-2012 period: in order to foreclose a mortgage by judicial action, one had to have the right to enforce the debt that the mortgage secured. It is hard to imagine how this notion could be controversial.' (<u>Whitman & Milner, Foreclosing on Nothing: The Curious Problem of the Deed of Trust Foreclosure Without Entitlement to Enforce the Note</u> *(2013) 66 Ark. L.Rev. 21, 23*, fn. omitted.)
>
> Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire. (<u>Colby v. Title Ins. and Trust Co., supra, 160 Cal. at p. 644; Aronoff v. Albanese, supra, 446 N.Y.S.2d at p. 370</u>.) Parties to a securitization or other transfer agreement may well wish to ratify the transfer agreement despite any defects, but no ratification is possible if the assignment is void ab initio. In seeking a finding that an assignment agreement was void, therefore, a plaintiff in Yvanova's position is not asserting the interests of parties to the assignment; she is asserting her own interest in limiting foreclosure on her property to those with legal authority to order a foreclosure sale. This, then, is not a situation in which standing to sue is lacking because its "sole

object . . . is to settle rights of third persons who are not parties." (*Golden Gate Bridge etc. Dist. v. Felt* (1931) 214 Cal. 308, 316.)

Defendants argue a borrower who is in default on his or her loan suffers no prejudice from foreclosure by an unauthorized party, since the actual holder of the beneficial interest on the deed of trust could equally well have foreclosed on the property...

In deciding the limited question on review, we are concerned only with prejudice in the sense of an injury sufficiently concrete and personal to provide standing, not with prejudice as a possible element of the wrongful foreclosure tort. (*See fn. 4, ante.*) As it relates to standing, we disagree with defendants' analysis of prejudice from an illegal foreclosure. A foreclosed-upon borrower clearly meets the general standard for standing to sue by showing an invasion of his or her legally protected interests (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 175)—the borrower has lost ownership to the home in an allegedly illegal trustee's sale. (See *Culhane, supra, 708 F.3d at p. 289 [foreclosed-upon borrower has sufficient personal stake in action against foreclosing entity to meet federal standing requirement]*.) Moreover, the bank or other entity that ordered the foreclosure would not have done so absent the allegedly void assignment. Thus '[t]he identified harm—the foreclosure—can be traced directly to [the foreclosing entity's] exercise of the authority purportedly delegated by the assignment.' (*Culhane, at p. 290.*)

Nor is it correct that the borrower has no cognizable interest in the identity of the party enforcing his or her debt. Though the borrower is not entitled to object to an assignment of the promissory note, he or she is obligated to pay the debt, or suffer loss of the security, only to a person or entity that has actually been assigned the debt. (*See Cockerell v. Title Ins. & Trust Co., supra, 42 Cal.2d at p. 292* [party claiming under an assignment must prove fact of assignment].) The borrower owes money not to the world at large but to a particular person or institution, and only the person or institution entitled to payment may enforce the debt by foreclosing on the security.

It is no mere "procedural nicety," from a contractual point of view, to insist that only those with authority to foreclose on a borrower be permitted to do so. (*Levitin, The Paper Chase: Securitization, Foreclosure, and the Uncertainty of Mortgage Title, supra, 63 Duke L.J. at p. 650.*) 'Such a view fundamentally misunderstands the mortgage contract. The mortgage contract is not simply an agreement that the home may be sold upon a default on the loan. Instead, it is an agreement that if the homeowner defaults on the loan, the mortgagee may sell the property pursuant to the requisite legal procedure.' (*Ibid., italics added and omitted.*)

The logic of defendants' no-prejudice argument implies that anyone, even a stranger to the debt, could declare a default and order a trustee's sale—and the borrower would be left with no recourse because, after all, he or she owed the debt to someone, though not to the foreclosing entity. This would be an 'odd result' indeed. (*Reinagel, supra, 735 F.3d at p. 225.*) As a district court observed in rejecting the no-prejudice argument, '[b]anks are neither private attorneys general nor bounty hunters, armed with a roving commission to seek out defaulting homeowners and take away their homes in satisfaction of some other bank's deed of trust.' (*Miller v. Homecomings Financial, LLC (S.D.Tex. 2012) 881 F.Supp.2d 825, 832.*)

Defendants note correctly that a plaintiff in Yvanova's position, having suffered an allegedly unauthorized nonjudicial foreclosure of her home, need not now fear another creditor coming forward to collect the debt. The home can only be foreclosed once, and the trustee's sale extinguishes the debt. (*Code Civ. Proc., § 580d; Dreyfuss v. Union Bank of California, supra, 24 Cal.4th at p. 411*.) But as the Attorney General points out in her amicus curiae brief, a holding that anyone may foreclose on a defaulting home loan borrower would multiply the risk for homeowners that they might face a foreclosure at some point in the life of their loans. The possibility that multiple parties could each foreclose at some time, that is, increases the borrower's overall risk of foreclosure.

Defendants suggest that to establish prejudice the plaintiff must allege and prove that the true beneficiary under the deed of trust would have refrained from foreclosing on the plaintiff's property. Whatever merit this rule would have as to prejudice as an element of the wrongful foreclosure tort, it misstates the type of injury required for standing. A homeowner who has been foreclosed on by one with no right to do so has suffered an injurious invasion of his or her legal rights at the foreclosing entity's hands. No more is required for standing to sue. (*Angelucci v. Century Supper Club, supra, 41 Cal.4th at p. 175*.)…

For these reasons, we conclude Glaski, supra, 218 Cal.App.4th 1079, was correct to hold a wrongful foreclosure plaintiff has standing to claim the foreclosing entity's purported authority to order a trustee's sale was based on a void assignment of the note and deed of trust. Jenkins, supra, 216 Cal.App.4th 497, spoke too broadly in holding a borrower lacks standing to challenge an assignment of the note and deed of trust to which the borrower was neither a party nor a third party beneficiary. Jenkins's rule may hold as to claimed defects that would make the assignment merely voidable, but not as to alleged defects rendering the assignment absolutely void.[13]

In embracing Glaski's rule that borrowers have standing to challenge assignments as void, but not as voidable, we join several courts around the nation. (Wilson v. HSBC Mortgage Servs., Inc., supra, 744 F.3d at p. 9; Reinagel, supra, 735 F.3d at pp. 224-225; Woods v. Wells Fargo Bank, N.A. (1st Cir. 2013) 733 F.3d 349, 354; Culhane, supra, 708 F.3d at pp. 289-291; Miller v. Homecomings Financial, LLC, supra, 881 F.Supp.2d at pp. 831-832; Bank of America Nat. Assn. v. Bassman FBT, LLC, supra, 981 N.E.2d at pp. 7-8; Pike v. Deutsche Bank Nat. Trust Co. (N.H. 2015) 121 A.3d 279, 281; Mruk v. Mortgage Elec. Registration Sys., Inc., supra, 82 A.3d at pp. 534-536; Dernier v. Mortgage Network, Inc. (Vt. 2013) 87 A.3d 465, 473.) Indeed, as commentators on the issue have stated: "[C]ourts generally permit challenges to assignments if such challenges would prove that the assignments were void as opposed to voidable." (Zacks & Zacks, Not a Party: Challenging Mortgage Assignments (2014) 59 St. Louis U. L.J. 175, 180.)

That several federal courts applying California law have, largely in unreported decisions, agreed with Jenkins and declined to follow Glaski does not alter our conclusion. Neither Khan v. Recontrust Co. (N.D.Cal. 2015) 81 F.Supp.3d 867 nor Flores v. EMC Mort. Co. (E.D.Cal. 2014) 997 F.Supp.2d 1088 adds much to the discussion. In Khan, the district court found the borrower, as a nonparty to the pooling and servicing agreement, lacked standing to challenge a foreclosure on the basis of an unspecified flaw in the loan's securitization; the court's opinion does not discuss the distinction between a void

> assignment and a merely voidable one. (Khan v. Recontrust Co., supra, 81 F.Supp.3d at pp. 872-873.)...
>
> In further support of a borrower's standing to challenge the foreclosing party's authority, plaintiff points to provisions of the recent legislation known as the California Homeowner Bill of Rights, enacted in 2012 and effective only after the trustee's sale in this case. (*See Leuras v. BAC Home Loans Servicing, LP (2013) 221 Cal.App.4th 49, 86, fn. 14.*)[14] Having concluded without reference to this legislation that borrowers do have standing to challenge an assignment as void, we need not decide whether the new provisions provide additional support for that holding....
>
> We conclude a home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale...
>
> The judgment of the Court of Appeal is reversed and the matter is remanded to that court for further proceedings consistent with our opinion."

Plaintiffs have consistently maintained that the two assignments of Deed of Trust specific to their property and to LNV's standing to foreclose are void, not merely voidable, and that as a result Defendant LNV lacked standing to foreclose on Plaintiffs' property and to conduct the September 2, 2014 non-judicial sale of Plaintiffs' property. A void assignment gives no standing to foreclose. "A foreclosing party without standing is an 'injurious invasion' of the borrowers property rights, and tantamount to fraud, *id., supra*."

Plaintiffs' motioned this court to vacate Judge Tillery's void summary Order favoring LNV but Judge Boyle denied the motion without explanation; she provided no conclusion of fact or memorandum of law to support her decision. Plaintiffs have read that federal courts are reluctant to vacate State Court Orders – which is another reason this case should have been immediately remanded. This Order is null and void because this court lacked subject matter jurisdiction.

Defendant LNV has intentionally thwarted justice by removing Plaintiffs' State claim multiple times to federal court. Defendant LNV has intentionally abused judicial process with

intent to convolute Plaintiffs' claims and prevent them from amending their complaint which all parties to this case, and this court knew they had a right to do and intended to do, to include their <u>illegal</u> foreclosure claims against Defendant LNV.

The sole reason Plaintiffs' initial complaint in the Dallas Texas District Court did not include any claims for <u>illegal</u> foreclosure is because they filled their complaint <u>BEFORE</u> LNV illegally sold their property, through a <u>non-judicial</u> foreclosure sale conducted by Substitute Trustee Shelley Ortolani on September 2, 2014. Texas Rules of Civil Procedure 736.11 imposed an automatic stay on that foreclosure sale because Plaintiffs filed this case in the State court. LNV proceeded to sale Plaintiffs' property (their home) in direct violation of Rule 736.11 in spite of being timely informed that Plaintiffs had filed their independent lawsuit pursuant to Rule 736.11.

LNV intentionally exploited Plaintiffs disadvantaged status as pro se litigants.

Plaintiffs had a Texas Home Equity Loan and, both contractually and pursuant to Tex. Const. art. XVI, § 50(a)(6)(D) and Texas Rules of Civil Procedure 736 Defendant LNV was required as a matter of law to style an application for foreclosure pursuant to Rule 736. LNV did not do this. Plenty of evidence has been submitted to this court to show LNV has filed numerous properly styled applications for expedited foreclosure pursuant to Tex. Rule 736; and this raises the question of why LNV instead chose to file an improper "in rem" foreclosure complaint in this one case which falsely stated that Plaintiffs property was a vacant eyesore and a danger to the neighborhood.

Defendant LNV knew that this claim was untrue. LNV willfully styled a foreclosure complaint that violated Tex. Rule 736 and made the aforementioned false claims about Plaintiffs property with intent to deceive the court.

Plaintiffs have maintained through two removals that their illegal foreclosure claims against LNV are and always were State claims. Yet they were denied remand by Judge Boyle AFTER this court had already previously remanded the case. Now, almost a year later, Judge Boyle takes the position that this court lacks jurisdiction over foreclosure and evictions because they are State claims. Plaintiffs have been severely damaged by Judge Boyle's egregious misconduct.

In June 2015 Plaintiffs, being pro se litigants, felt they had no choice but to attempt to move forward in the federal court since Judge Boyle refused to remand their claims back to State court where they belonged all along. Plaintiffs were misled by Judge Boyle at Status Conference where she said she would prepare a scheduling order and that this case would go forward. She never did prepare a scheduling order. (See Exhibit A).

Judge Boyle refused to remand when Plaintiffs motioned for remand, and now, in Order 101, she states Plaintiffs' are all of the claims against LNV fail as a matter of law because they are state claims. The Status Conference was clearly misleading. That would have been the time for this Honorable Judge to decide that these were state claims.

See *Smith v Estate of Wagner, NoH-06-02629, 2006 WL 2729282 at 10 (S.D. Tx Sept. 25, 2006*) Quoting from the Court in Smith "When a district court exercises jurisdiction over a removed case, it has discretion to remand claims in which state law predominates."

Judge Boyle has decided that Plaintiffs' claims against LNV fail, without ever allowing them an opportunity to a first amended their petition. No judge has the ability to adjudicate claims that have not yet been brought.

Therefore Plaintiffs pray this Honorable Court sever the parties in this lawsuit; so that this court retains federal jurisdiction over Plaintiffs' federal claims against Codilis, and immediately remand Plaintiffs' State claims against Defendant LNV back to the State Court from where it was wrongfully removed by LNV. Plaintiffs further pray this court allow them a reasonable time to amend their complaint specific to their claims against Defendant Codilis.

Respectfully Submitted,

_____          _____
JoAnn Breitling                                              Samuel Breitling

## CERTIFICATE OF SERVICE

The above signed hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro-se parties via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested; and that a correct copy of the foregoing document was served upon The United States Attorney General and the Texas Attorney General at the addresses below:

Marc Cabera, Jason Sanders,
Robert Mowery
Locke Lord LLP
2200 Ross Ave, # 2200
Dallas, TX 75201

Macdonald Devin, PC
Codilis & Stawiarski
3800 Renaissance Tower
1201 Elm Street
Dallas, TX 7527