# No. 15-35963

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————

LNV CORPORATION,

Plaintiff-Appellee,

v.

DENISE SUBRAMANIAM,

Defendant-Appellant.

———————

On Appeal from the United States District Court
for the District of Oregon, 14-CV-01836-MO
District Judge Michael Mosman

———————

**LNV CORPORATION'S MOTION TO STRIKE AMICUS CURIAE
BRIEFS FILED IN SUPPORT OF APPELLANT'S EMERGENCY
PETITION FOR WRIT OF MANDAMUS**

———————

GABRIELLE D. RICHARDS
MARTIN & RICHARDS, LLP
111 SW Fifth Ave., Suite 3150
Portland, OR 97204
503.444.3449
gabby@cascadialawyers.com

*Counsel for Plaintiff-Appellee*
*LNV Corporation*

April 14, 2016

ERICK J. HAYNIE
JEFFREY M. PETERSON
PERKINS COIE LLP
1120 NW Couch St, 10th Floor
Portland, OR 97209
503.727.2000
EHaynie@perkinscoie.com
JeffreyPeterson@perkinscoie.com

*Counsel for Plaintiff-Appellee*
*LNV Corporation*

## CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee LNV Corporation is a Nevada corporation and a wholly owned subsidiary of Beal Bank USA, a Nevada thrift. Beal Bank USA is wholly owned by Beal Financial Corporation, a Texas corporation. Beal Bank USA and Beal Financial Corporation are not publicly traded corporations.

## RELIEF SOUGHT

Plaintiff-Appellee LNV Corporation ("LNV") respectfully moves to strike the "Amicus Brief and Declaration of Kelly Randle and Fred Mitchell in Support of Emergency Petition for Writ of Mandamus" (Dkt. 10-1) and the "Amicus Brief and Declaration of Rebekah Gentry-Youngblood in Support of Emergency Petition for Writ of Mandamus" (Dkt. 12-1) for the reasons set forth below.

## POSITION OF DEFENDANT-APPELLANT

The position of Defendant-Appellant Denise Subramaniam (the "Petitioner") on this motion is unknown. Counsel for LNV left a voicemail for Petitioner at 12:26 p.m. on April 14, 2016, indicating that LNV would be filing a motion to strike the amicus curiae briefs later that afternoon. Counsel for LNV similarly was unable to ascertain the positions of amicus curiae because no contact information was contained in their "briefs." It is assumed, however, that Petitioner and both amicus curiae would oppose such a motion.

1

**GROUNDS FOR MOTION AND LEGAL ARGUMENT**

The two "amicus briefs" filed on behalf of Defendant-Appellant Denise Subramaniam (the "Petitioner") contain fantastical tales of conspiracy, fraud, and corruption that are nothing more than defamatory and delusional attempts to redirect the Court's attention from the legal and factual issues in this case. These "amicus briefs" are, in fact, nothing more than declarations and are entirely devoid of any legal argument or relevance to this case. Moreover, both briefs are in violation of, quite literally, every rule governing amicus curiae. For the reasons set forth below, the Court should strike both "amicus briefs."

1. Both "amicus briefs" were filed without leave of court in violation of Fed. R. App. P. 29(a), which provides that "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." LNV did not consent to the filing of either brief, nor did either amicus curiae seek or obtain leave of court prior to filing. LNV was not even approached for a conferral about these filings, only learning about them for the first time after they were filed.

2. Even if the "amicus briefs" are construed as motions for leave to file, neither states "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case," as required by Fed. R. App.

2

P. 29(b)(2). Neither "amicus brief" is relevant to this case, which concerns LNV's legal right, as the holder of a Note and beneficiary of a Deed of Trust, to foreclose on property owned by Petitioner. The facts of other cases as set forth in the "amicus briefs" have no bearing on the matter before this Court.

3.  Neither "amicus brief" was timely filed. "An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(e). Petitioner filed her Emergency Petition for Writ of Mandamus on March 31, 2016. (Dkt. 7-1.) Both "amicus briefs" were filed after-hours on April 13, 2016 – nearly two weeks after "the principal brief of the party being supported."

4.  Even though the Court "may grant leave for later filing" pursuant to Fed. R. App. P. 29(e), doing so in this case would be prejudicial to LNV, which timely filed its Response in Opposition to the Emergency Petition for Writ of Mandamus during regular business hours on April 13, 2016, prior to the filing of the "amicus briefs." (Dkt. 9-1.) It would be unfair for LNV to be required to brief this matter further, particularly given that the merits of the mandamus petition are extremely weak.

5.  Neither "amicus brief" complies with Fed. R. App. P. 29(c), which requires: (a) a table of contents, (b) a table of authorities, (c) a concise

3

statement of the identity of the amicus curiae, its interest in the case, and the source of its authority to file, (d) a statement regarding whether any money was contributed to fund the preparation or submission of the brief, (e) an argument, and (f) a certificate of compliance. In fact, both "amicus briefs" are nothing more than declarations from other unsuccessful litigants accompanied by several pleadings from unrelated cases. Neither brief contains any legal argument whatsoever.

   6. The "amicus briefs" actually were filed by *Petitioner*, using her ECF credentials. The contact information for the amicus curiae is not even included in their "briefs." This is exceedingly improper and illustrates Petitioner's continued abuse of the privilege of filing electronically.

//
//
//
//
//
//
//
//
//

4

## CONCLUSION

For the reasons set forth above, the Court should strike both "amicus briefs." LNV will submit a substantive brief addressing the various false, unsupported and irrelevant allegations raised in the "amicus briefs" to the extent that it is able and if the Court so directs.

RESPECTFULLY SUBMITTED this 14th day of April, 2016.

*/s/ Gabrielle D. Richards*

GABRIELLE D. RICHARDS
MARTIN & RICHARDS, LLP
111 SW Fifth Ave., Suite 3150
Portland, OR 97204
503.444.3449
gabby@cascadialawyers.com

*Attorneys for Plaintiff-Appellee
LNV Corporation*

*/s/ Erick J. Haynie*

ERICK J. HAYNIE
JEFFREY M. PETERSON
PERKINS COIE LLP
1120 NW Couch St., 10th Floor
Portland, OR 97209
503.727.2000
EHaynie@perkinscoie.com
JeffreyPeterson@perkinscoie.com

5

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **LNV CORPORATION'S MOTION TO STRIKE AMICUS CURIAE BRIEFS FILED IN SUPPORT OF APPELLANT'S EMERGENCY PETITION FOR WRIT OF MANDAMUS** on Denise Subramaniam at the address listed in her Petition: c/o 1905 SE 24th Avenue, Portland, OR 97214 by depositing a copy in the U.S. Mail in a sealed postage-prepaid envelope at Portland, Oregon on the date set forth below.

DATED: April 14, 2016

/s/ Gabrielle D. Richards
**Gabrielle D. Richards**
gabby@cascadialawyers.com

6