Case No. 15-35963

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

IN RE: DENISE SUBRAMANIAM

---

DENISE SUBRAMANIAM
Defendant – Petitioner
v.
LNV CORPORATION
Plaintiff – Respondent

Gabrielle D. Richards
Respondent

UNITED STATES DISTRICT COURT for the
District of Oregon Portland Division
Respondent

Judge Michael W. Mosman
Respondent

---

From the United States District Court
District of Oregon Portland Division
Judge Michael W. Mosman Presiding
Case No. 3:14-cv-01836

---

PETITIONER'S MOTION TO FOR ADA ACCOMMODATION

---

Denise Subramaniam
c/o 1905 SE 24th Ave
Portland OR 97214
503-764-5300

Pro se Petitioner

Gabrielle D. Richards
Martin & Richards, LLP
111 SW Fifth Ave, Suite 3150
Portland, OR 97204
503-444-3449
Fax: 503-296-5834
Email: gabby@cascadialawyers.com
ATTORNEY TO BE NOTICED

Counsel for LNV Corporation

Erick J. Haynie
Perkins Coie, LLP
1120 NW Couch Street
10th Floor
Portland, OR 97209-4128
503-727-2017
Fax: 503-727-2222
Email: ehaynie@perkinscoie.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Counsel for LNV Corporation

Jeffrey M. Peterson
Perkins Coie, LLP
1120 NW Couch Street
10th Floor
Portland, OR 97209-4128
503-727-2075
Email: jeffreypeterson@perkinscoie.com
ATTORNEY TO BE NOTICED

Counsel for LNV Corporation

---

## **PETITIONER'S MOTION FOR ADA ACCOMMODATION**

Comes now Petitioner and moves this Honorable Court of Appeals to allow her to authorize

JoAnn Breitling to act as her disability liaison to assist her in managing emails and other

communications from the court and from LNV's attorneys; and states as follows:

1. Petitioner is a disabled person as defined by the Americans With Disabilities Act of 1990,

   Pub. L. No. 101-336, 104 Stat. 328 (1990) and S. 3406 (110th): ADA Amendments Act

   of 2008.  She has been diagnosed with ADHD, Fibromyalgia and MCS/EI.  Each of these

   disabilities affect Petitioner's mental functioning. Petitioner has a history of not being

   able to keep up with emails and physical mail when she becomes too ill, too

   overwhelmed or too stressed.

2.  Petitioner's current situation of homelessness has had a profound negative impact on her ability to manage her emails effectively.  She can't count on having internet access when she needs it.  Her Gmail account on record with the court became so overloaded with junk mail that she was unable to do anything until she deleted emails and freed up space, but this takes time and between writing legal pleadings and emptying the three storage units and then driving back and forth between friends' homes who let her use the bathroom, shower and park to sleep for the night there is no time.  The stress and worry of missing something important again is crippling to Petitioner and as irrational as it sounds she shuts down and can't even login to Gmail. It just becomes too overwhelming. These are symptoms of her disabilities.

3.  In addition to this Petitioner becomes so anxious and stressed that she cannot function at the thought of having to communicate with Respondent Gabrielle Richards who has demonstrated shocking animosity towards her.  Ms. Richards attack on Petitioner in her response to Petitioner's Emergency Writ of Mandamus is an accurate reflection of the disdain and disrespect she has shown towards Petitioner from the outset of this case.

4.  Obviously there needs to be communication. Petitioner moves this Honorable Court of Appeals to allow JoAnn Breitling to act as Petitioner's disability liaison to monitor Petitioner's court related emails and to communicate with Ms. Richards and other attorneys representing LNV on her behalf.  Her role as Petitioner's disability liaison is not one of decision maker or legal advisor, but similar to a language interpreter or physical assistant, such as Ms. Richards' has access to when she needs.

5. When Petitioner downloaded Respondent LNV's response written by Ms. Richards the scathing attitude reflected in just the first few pages made Petitioner so sick to her stomach she couldn't finish reading it. Petitioner knew she had to know what was in it to reply to it, yet was unable to bring herself to read it so she asked Ms. Breitling and some of the other LNV/Beal victims to read it for her and then to let her know what was in it that she needed to respond to. Petitioner already feels so wounded and traumatized by what has happened to her that she can't emotionally cope with such hostile mischaracterizations of her intent and her worthiness.

6. Petitioner did not receive the information about the Friday deadline to amend the amicus briefs until Monday. So it is imperative she have someone else monitor court emails for her so she can respond timely.

7. Petitioner requests as a reasonable accommodation pursuant to the Americans With Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990) and S. 3406 (110th): ADA Amendments Act of 2008 that this Honorable Court of Appeals add JoAnn Breitling's email address to the list of people receiving court communications so she can keep track of court related activities for Petitioner. And that the court instruct Ms. Richards and other attorneys representing LNV to send emails and written communications to JoAnn Breitling's email address and physical address; and if they need to speak with Petitioner to arrange their communications through Ms. Breitling. This way Petitioner will not miss anything important again due to the symptoms of her disabilities like she missed the emails and letters Ms. Richards claims she sent to Petitioner about the court case in the Washington County Court that resulted in the sheriff's sale of Petitioners home and her eviction only days later. Ms. Richards has

already willfully exploited Petitioner's disabilities and Petitioner does not want this to happen again.

8. Ms. Breitling sent a copy of Petitioner's notarized Disability Liaison Authorization and Affidavit attached hereto as Exhibit A to Ms. Richards. Also attached hereto as Exhibit B is the email communications between Ms. Breitling and Ms. Richards who will not honor Petitioner's request for reasonable ADA accommodation without a court order.

9. Petitioner moves this Honorable Court to Order the requested reasonable accommodation to allow her to access justice. Had Petitioner felt she could ask the district court for such reasonable accommodation she would have, but her knowledge of Respondent Judge Mosman's and Respondent Ms. Richards' prejudicial attitude against her and her disabilities caused her to be fearful that doing so would further inflame their bias against her. Had she asked and had such accommodation been provided Petitioner would not be reduced to living in her vehicle now.

## PRAYER

THEREFORE Petitioner prays this Honorable Court of Appeals grant her the reasonable accommodation she requests to compensate for Petitioner's disabilities and order that Respondent Ms. Richards and the other attorneys representing LNV respect Petitioner's need for such accommodation.

Respectfully Submitted,

/s/ Denise Subramaniam