No. 15-35963

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LNV CORPORATION,

Plaintiff-Appellee,

v.

DENISE SUBRAMANIAM,

Defendant-Appellant.

On Appeal from the United States District Court
for the District of Oregon, 14-CV-01836-MO
District Judge Michael Mosman

**LNV CORPORATION'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR ADA ACCOMMODATION**

GABRIELLE D. RICHARDS
MARTIN & RICHARDS, LLP
111 SW Fifth Ave., Suite 3150
Portland, OR 97204
503.444.3449
gabby@cascadialawyers.com

*Counsel for Plaintiff-Appellee*
*LNV Corporation*

April 21, 2016

ERICK J. HAYNIE
JEFFREY M. PETERSON
PERKINS COIE LLP
1120 NW Couch St., 10th Floor
Portland, OR 97209
503.727.2000
EHaynie@perkinscoie.com
JeffreyPeterson@perkinscoie.com

*Counsel for Plaintiff-Appellee*
*LNV Corporation*

**CORPORATE DISCLOSURE STATEMENT**

Plaintiff-Appellee LNV Corporation ("LNV") is a Nevada corporation and a wholly owned subsidiary of Beal Bank USA, a Nevada thrift. Beal Bank USA is wholly owned by Beal Financial Corporation, a Texas corporation. Beal Bank USA and Beal Financial Corporation are not publicly traded corporations.

## I. INTRODUCTION

Defendant-Appellant Denise Subramaniam (the "Petitioner") seeks the Court's permission to authorize a litigant in another LNV foreclosure case to act as her "disability liaison" in this matter, citing the Americans with Disabilities Act (ADA) as authority for her request. By her motion, Petitioner seeks to avoid directly communicating with counsel and this Court by empowering her "disability liaison" to monitor her legal communications and inform her of what she needs to do to protect her interests and personal property. Such a request is inappropriate and finds no support in the law. For the reasons set forth below, Petitioner's motion should be denied.

## II. ARGUMENT

1. The ADA does not apply to the federal judiciary. Title II of the ADA prohibits discrimination by public entities against persons with disabilities. 42 U.S.C. § 12132. "Public entity" means "any State or local government" and "any department, agency, special purpose district, or other

instrumentality of a State or States or local government." 42 U.S.C. § 12131. Title II is thus applicable to *state* courts but not those in the federal system. Petitioner is not entitled to a reasonable accommodation under the ADA.

    2.    Federal judicial policy does not require the type of accommodation Petitioner seeks. The Judicial Conference of the Administrative Office of the United States Courts implemented a policy in 1995 that allows for "reasonable accommodations to persons with communications disabilities." Under this policy, federal courts are required to provide "sign language interpreters or other appropriate auxiliary aids or services to participants in federal court proceedings." Judicial Conference of the United States, *Guide to Judiciary Policies and Procedures*, Vol. 1, Ch. III, Pt. H, at 37-39. Under this federal policy, "court proceedings" include "trials, hearings, ceremonies and other public programs or activities conducted by a court." *Id*. The accommodation requested by Petitioner would require counsel and the Court to communicate with Petitioner through an intermediary. Such an accommodation is not contemplated by the policy for people with "communications disabilities."

    3.    To be clear, LNV has no issues with Petitioner "authorizing" someone to monitor her emails, read court documents or explain things to her – that is her choice and no "accommodation" is necessary to enable Petitioner to have such assistance. LNV *does* take issue with Petitioner "authorizing"

someone to receive ECF notifications in this case and serve as an intermediary for Petitioner's communications with counsel and the Court. Such a request is not comparable to a language interpreter or personal assistant, as Petitioner suggests, because here Petitioner is seeking to completely remove herself from necessary (and required) communications, not facilitate their occurrence. Counsel has an obligation to confer and communicate *with Petitioner*. Requiring communications to first go through a "liaison" because Petitioner experiences "stress" and "anxiety" when she interacts with counsel complicates the process and introduces the possibility of delay and misinterpretation.

4. More importantly, Petitioner's requested "disability liaison" is utterly and completely inappropriate. The requested "disability liaison" is JoAnn Breitling, a litigant in a Texas case involving LNV.[1] A declaration from Ms. Breitling has been offered as an exhibit in support of Petitioner's mandamus petition (Dkt. 16-7), and other documents involving Ms. Breitling's Texas case were submitted by Petitioner to the District Court. Given the abusive and defamatory tenor of Ms. Breitling's pleadings in her Texas cases, it is unreasonable to believe that communications with her would be productive.

---

[1] *Breitling, et al. v. LNV Corporation, et al.* (U.S. District Court, Northern District of Texas, Case No. 3:15-cv-00703-B; U.S. Court of Appeals for the Fifth Circuit, Case No. 16-10275). *LNV Corporation v. Breitling, et al.* (County Court at Law No. 3, Dallas County, Texas, Cause No. CC-15-00911-C; Court of Appeals, Fifth District of Texas, Case No. 05-15-00677-CV).

To the contrary, there is every reason to believe that all such communications would be equally confrontational and abusive as well as fodder for other litigation. For example:

  a. The Breitlings contend that LNV bribed or interfered with their lawyers, forcing them to quit. This conduct supposedly occurred with other LNV customers across the country: "The Breitlings fired attorney J.D. Milks because they discovered he was working to promote LNV's interests …"[2]

  b. The Breitlings contend that LNV bribed or improperly influenced no less than three sitting state court judges to abrogate their duties and oaths: "Judge Gerry Cooper conspired with LNV and its attorneys to interfere with the Breitlings' civil rights"; "Judge Sally Montgomery appears to have been unduly influenced by her political alliance with and financial obligation to LNV's counsel"; "LNV has conspired with its attorneys and with Texas judges Tillery, Cooper and Montgomery to interfere in … [the Breitlings'] civil rights."[3]

---

[2] *LNV Corporation v. Breitling, et al.* (Court of Appeals, Fifth District of Texas, Case No. 05-15-00677-CV, Appellants' Reply Brief, p. 10); *see also Breitling, et al. v. LNV Corporation, et al.*, (U.S. District Court Case No. 3:15-cv-00703, June 11, 2015 Aff. of Joann Breitling, pp. 2, 4).

[3] *LNV Corporation v. Breitling, et al.* (Court of Appeals, Fifth District of Texas, Case No. 05-15-00677-CV, Appellants' Reply Brief, pp. 6-9).

c. The Breitlings contend that an LNV executive is part of a criminal and racketeering syndicate: "Beal's corporate 'alter ego' LNV was established as a corporate fiction for purposes of fraud and racketeering activities."[4]

d. The Breitlings contend that members of an LNV executive's family have engaged in surveillance and harassment of other LNV borrowers, including Petitioner.[5]

And in this case, Ms. Breitling suggests that counsel for LNV has committed a crime and is in fact "putting her career on the line by continuing to represent someone whom she must by now know has forged … numerous [] mortgage documents." (Dkt. 16-7.) Ms. Breitling is a wildly inappropriate communications surrogate for a petitioner who has an ongoing obligation to participate in her own case by conferring and communicating with counsel and the Court.

//

//

//

//

---

[4] *Id*. at p. 29.

[5] *Breitling, et al. v. LNV Corporation, et al.*, (U.S. District Court Case No. 3:15-cv-00703, June 11, 2015 Aff. of Joann Breitling, pp 5).

## III. CONCLUSION

For the reasons set forth above, LNV respectfully requests that the Court deny the Petitioner's motion for an "ADA accommodation."

RESPECTFULLY SUBMITTED this 21st day of April, 2016.

*/s/ Gabrielle D. Richards*

GABRIELLE D. RICHARDS
MARTIN & RICHARDS, LLP
111 SW Fifth Ave., Suite 3150
Portland, OR 97204
503.444.3449
gabby@cascadialawyers.com

*/s/ Erick J. Haynie*

ERICK J. HAYNIE
JEFFREY M. PETERSON
PERKINS COIE LLP
1120 NW Couch St., 10th Floor
Portland, OR 97209
503.727.2000
EHaynie@perkinscoie.com
JeffreyPeterson@perkinscoie.com

*Attorneys for Plaintiff-Appellee
LNV Corporation*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **LNV CORPORATION'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR ADA ACCOMMODATION** on Defendant-Appellant Denise Subramaniam electronically through the ECF system and at the address listed in her Petition: c/o 1905 SE 24th Avenue, Portland, OR 97214 by depositing a copy in the U.S. Mail in a sealed postage-prepaid envelope at Portland, Oregon on the date set forth below.

DATED: April 21, 2016

/s/ Gabrielle D. Richards
**Gabrielle D. Richards**
gabby@cascadialawyers.com