No. 15-35963

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LNV CORPORATION,

        Plaintiff-Appellee,

v.

DENISE SUBRAMANIAM,

        Defendant-Appellant.

On Appeal from the United States District Court
for the District of Oregon, 14-CV-01836-MO
District Judge Michael Mosman

**LNV CORPORATION'S RESPONSE IN OPPOSITION TO APPELLANT'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

GABRIELLE D. RICHARDS
MARTIN & RICHARDS, LLP
111 SW Fifth Ave., Suite 3150
Portland, OR 97204
503.444.3449
gabby@cascadialawyers.com

*Counsel for Plaintiff-Appellee
LNV Corporation*

May 4, 2016

ERICK J. HAYNIE
JEFFREY M. PETERSON
PERKINS COIE LLP
1120 NW Couch St., 10th Floor
Portland, OR 97209
503.727.2000
EHaynie@perkinscoie.com
JeffreyPeterson@perkinscoie.com

*Counsel for Plaintiff-Appellee
LNV Corporation*

**CORPORATE DISCLOSURE STATEMENT**

Plaintiff-Appellee LNV Corporation ("LNV") is a Nevada corporation and a wholly owned subsidiary of Beal Bank USA, a Nevada thrift. Beal Bank USA is wholly owned by Beal Financial Corporation, a Texas corporation. Beal Bank USA and Beal Financial Corporation are not publicly traded corporations.

## I. INTRODUCTION

Defendant-Appellant Denise Subramaniam (the "Petitioner") seeks to enjoin LNV from exercising its right to possession of the real property located at 13865 SW Walker Road in Beaverton, Oregon (the "Premises"), which LNV lawfully purchased at a sheriff's sale in January 2016 after the District Court entered a Judgment of Foreclosure in November 2015. Specifically, Petitioner seeks to prevent LNV – for the duration of this appeal – from "removing and disposing" of her personal property that LNV has allowed to be stored at the Premises for the three months since the sheriff's sale – even though it has no legal obligation to do so and has far exceeded the requirements of Oregon law.

Petitioner's personal circumstances are unsettling and unfortunate – but they were not caused by LNV, its executives, employees, agents or attorneys. LNV was lawfully entitled to foreclose because Petitioner stopped paying her mortgage in 2008 and instead chose to pursue a conjured conspiracy woven entirely of whole cloth relying upon imagined forged documents and cloak-and-

dagger intrigue. All of these allegations were rejected outright by the District Court when it granted LNV's motion for summary judgment. (Case No. 3:14-cv-01836, Dkt. 111.) Petitioner's continued personal attacks on people who are not (and never have been) parties to this litigation are inappropriate and yet another example of how Petitioner is attempting to direct this Court's attention away from the underlying facts of this case and the only issue on appeal: whether the District Court abused its discretion in granting summary judgment.

The deadline imposed by LNV to remove all property lapsed on March 15, 2016, yet LNV has continued to store the remaining items at the Premises free of charge. (LNV is unsure why Petitioner referenced a May 5 deadline in her motion.) LNV has exceeded the requirements under Oregon law pertaining to the storage of personal property after a foreclosure and ensuing eviction, yet it remains willing to work with Petitioner to facilitate the timely and efficient removal of all remaining items. For the reasons set forth below, Petitioner's motion for emergency injunctive relief should be denied.

## II. ARGUMENT

**A. LNV Would Be Prejudiced by an Injunction Because LNV Is Entitled to Possession of the Premises Pursuant to Oregon Law**

LNV would be prejudiced by the imposition of an injunction during the pendency of this case. The purchaser of a foreclosed property at an execution

sale "is entitled to possession of the property from the date of sale until a redemption of the property, if any." ORS 18.946(1). The U.S. District Court for the District of Oregon entered a Judgment of Foreclosure in favor of LNV on November 4, 2015.[1] LNV lawfully purchased the Premises at auction on January 29, 2016 and lawfully took possession of the Premises pursuant to a Writ of Assistance issued by an Oregon state court on February 9. An injunction prohibiting LNV from removing and/or disposing of the personal property that remains at the Premises during the duration of this appeal would interfere with LNV's right to possession and prevent LNV from selling the property upon expiration of the redemption period. This is highly prejudicial to LNV. Notwithstanding her difficult personal circumstances, Petitioner has no legal right to store her possessions at property owned by LNV.

Moreover, Petitioner is pursuing essentially the same relief she sought in the District Court with an "emergency motion for injunctive relief" to stop the execution sale. (Case No. 3:14-cv-01836, Dkt. 120.) The District Court construed the filing as a motion to stay proceedings pending appeal and denied it, noting that

---

[1] The procedural history of this case is described in LNV's Response in Opposition to Appellant's Emergency Petition for Writ of Mandamus (Dkt. 9-1) and is incorporated herein by reference.

Petitioner "has shown no likelihood of success on the merits." (*Id.*, Dkt. 126.) Petitioner's current motion seeks precisely the same remedy and should be denied.[2]

**B.    This Court Does Not Have Jurisdiction to Issue an Injunction Prohibiting the Removal or Disposal of the Personal Property**

This Court lacks jurisdiction to grant the requested relief. Title 28 of the U.S. Code, section 1291 sets forth the jurisdiction of the federal appellate courts:

> The courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

The sale of the foreclosed property and the issuance of the Writ of Assistance took place in the Oregon state court system after the Judgment of Foreclosure was properly localized in Washington County. Respectfully, the Ninth Circuit does not have jurisdiction to issue an injunction that prevents LNV from exercising a right to possession granted to it by a state court by prohibiting the removal and/or disposal of the remaining items of personal property at the Premises.

**C.    LNV Has Far Exceeded the Requirements Under Oregon Law Pertaining to the Storage and Disposition of Personal Property**

LNV has far exceeded the requirements under Oregon law pertaining to the storage and disposition of personal property. By way of background, LNV removed the vast majority of Petitioner's personal property from the Premises

---

[2] The District Court also denied Petitioner's Rule 60 motion. (Case No. 3:14-cv-01836, Dkt. 125.)

over a two-day period after it took possession on February 9. This personal property was packed and moved into three secure storage units by a professional moving company. LNV prepaid for these storage units through April 30, 2016 and expects <u>no</u> reimbursement from Petitioner for moving or storage costs. The storage units were immediately placed into Petitioner's name so that she could have unfettered access. Petitioner's mention of "inhumane extremes of physical activity," most of her declaration and the photographic exhibit concern her removal of property from these storage units.

Although most of Petitioner's personal property was placed into storage, a considerable amount remains at the Premises – numerous items, including a travel trailer, remain in the backyard, in a shed and in the garage. Petitioner was told to coordinate removal of the remaining personal property with LNV's real estate agent. Petitioner, however, never returned the agent's calls and instead appointed a third party – JoAnn Breitling – to coordinate removal with LNV's attorney.[3] LNV agreed to communicate with Ms. Breitling for this limited purpose and, at Ms. Breitling's request, provided three dates for the removal of the personal property. (Declaration of Gabrielle D. Richards, ¶ 3.) Even though these dates were in the range requested by Petitioner, Ms.

---

[3] The real estate agent's attempts to contact Petitioner are documented in the Declaration of Brenda Hereth in Support of LNV Corporation's Response in Opposition to Appellant's Emergency Petition for Writ of Mandamus (Dkt. 9-3) and is incorporated by reference.

Breitling responded that Petitioner "is working on obtaining help to remove her personal property from the home and the dates suggested … did not work for any of the people whom [Petitioner] must depend on. … I will get back with you when she has a commitment of someone who can help her." (*Id*.) Neither Petitioner nor Ms. Breitling communicated further with counsel for LNV. (*Id*.) Instead, Petitioner filed a motion for injunctive relief and alleges that counsel "refused to allow [Ms. Breitling] to help arrange a time to safely remove such property in April without a court order." This is simply false.

There is no statute under Oregon law that requires the purchaser at a foreclosure sale to store personal property. Nonetheless, LNV followed the provisions of ORS 90.425, which governs the disposition of personal property when a landlord receives possession of real property pursuant to a writ of execution. This statute has several timing provisions. First, the "tenant" must respond to the landlord's personal property notice within five days of receiving it (45 days for a travel trailer). If the "tenant" responds, she then has 15 days to remove the personal property (30 days for a travel trailer). If the "tenant" does not respond, the landlord has no further obligation to store the property and may sell or dispose of it. At most, therefore, the statute requires storage of personal property for 20 days or, in the case of a travel trailer, 70 days.

LNV has gone above and beyond these requirements. LNV, through personal delivery by the sheriff, gave Petitioner a personal property notice on February 9 that required her to contact counsel for LNV to arrange for the removal of all remaining personal property on or before February 23 – nearly 10 days longer than what the statute requires. (*Id*. at ¶ 4.) The notice required the personal property to be removed on or before March 15 – more than two weeks longer than what the statute requires. (*Id*.) LNV, through the *pro bono* counsel that assisted Petitioner with some personal property issues, gave Petitioner a separate personal property notice for the travel trailer on February 15. (*Id*. at ¶ 5.) This notice required Petitioner to contact LNV's real estate agent to arrange for the removal of the trailer on or before April 1 (45 days). (*Id*.) The notice required the trailer to be removed on or before May 2 (30 days). (*Id*.) Petitioner did not respond by the specified deadlines in the notices nor has she removed the property, which continues to be stored by LNV. (*Id*.)

D. **LNV Remains Willing to Work With Petitioner to Arrange for the Timely and Efficient Removal of the Remaining Personal Property**

LNV has stored Petitioner's personal property well beyond the March 15 deadline. LNV remains willing to work with Petitioner to arrange for the timely and efficient removal of the remaining property, but requiring LNV to store these items for the duration of this appeal is prejudicial to LNV and has no

legal basis. LNV also is concerned that Petitioner continues to ignore her obligation to confer with counsel on motions and other aspects of her case. Had Petitioner (or Ms. Breitling) conferred with counsel prior to filing her latest motion, a date could have been arranged for the removal of the property.

### III. CONCLUSION

For the reasons set forth above, LNV respectfully requests that the Court deny the Petitioner's motion for emergency injunctive relief.

RESPECTFULLY SUBMITTED this 4th day of May, 2016.

*/s/ Gabrielle D. Richards*

GABRIELLE D. RICHARDS
MARTIN & RICHARDS, LLP
111 SW Fifth Ave., Suite 3150
Portland, OR 97204
503.444.3449
gabby@cascadialawyers.com

*/s/ Erick J. Haynie*

ERICK J. HAYNIE
JEFFREY M. PETERSON
PERKINS COIE LLP
1120 NW Couch St., 10th Floor
Portland, OR 97209
503.727.2000
EHaynie@perkinscoie.com
JeffreyPeterson@perkinscoie.com

*Attorneys for Plaintiff-Appellee LNV Corporation*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **LNV CORPORATION'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF** on Defendant-Appellant Denise Subramaniam electronically through the ECF system on the date set forth below.

DATED: May 4, 2016

/s/ Gabrielle D. Richards
**Gabrielle D. Richards**
gabby@cascadialawyers.com