Denise Subramaniam
Self Represented
c/o JoAnn Breitling
1704 Cornwall Lane
Sachse, TX 75048
d.subramaniam@aol.com

Molly Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

RE: *Denise Subramaniam v. LNV Corporation*

Ninth Circuit Case No. 15-35963

**FYI Notice that a Motion to Set Aside Default Judgment in Washington County Court was filed June 28, 2016**

Dear Ms. Dwyer,

     I respectfully notify this Honorable U.S. Court of Appeals that I very recently discovered a state court remedy for the sheriff's sale of my home and my eviction from my home 11 days afterwards. Due to lack of service I made no appearance in the Washington County Court case and a default judgment was ordered against me. Oregon state law allows me, under those very circumstances, to motion the Washington County Court to set aside its default judgment granted to LNV Corporation so it could execute the constitutionally challenged summary judgment order of foreclosure granted by U.S. District Court Judge Michael W. Mosman currently on appeal before this court. Yesterday, on June 28, 2016 I filed a motion to set aside the default judgment in the Washington County Court and a copy is attached to this letter for this court's information.

     This doesn't impact my appeal or my en banc motion for rehearing of my emergency writ of mandamus in this court because the Washington County Court is not treating my motion as an emergency and told me LNV Corporation has 20 days to respond. A hearing will be at least two months from now. Two months is an eternity to a disabled senior living in a Jeep in 90 degree weather guaranteed to continue with little to no reprieve until at least September.

     Incidentally I also discovered Oregon law appears to require litigants to inform Oregon courts about appeals and since I appealed the foreign order LNV sought to execute in the

Washington County Court (i.e. Judge Mosman's summary judgment order) it appears LNV Corporation may have intentionally failed to inform the Washington County Court of my appeal active in this U.S. Court of Appeals in violation of Oregon law with intent to deceive the Washington County Court so as to gain an additional unfair and discriminatory advantage against me.

As stated in the attached Washington County Court motion, as a pro se litigant I'm always learning what I need to know "behind the curve" the aforementioned facts go towards the heart of the issues presented by JoAnn Breitling's and the other Beal victims', and my constitutional challenges to summary judgments and to state foreclosure laws that allow homeowners to be evicted while litigation to ultimately determine title of their property is still pending in higher courts. It has been our experience, and the experience of the other Beal victims and other pro se homeowner litigants that our disadvantaged status as pro se litigants is exploited and used against us at every turn by opposing counsel and by the very courts and judges we have turned to for remedy. (See "<u>Chain of Title; How Three Ordinary Americans Uncovered Wall Street's Great Foreclosure Fraud</u>", by David Dayen to better understand public interest in the constitutional issues inherent in our collective cases.) As pointed out in this book pro se homeowner litigants in foreclosure related cases have been overtly discriminated against by judges in both state and federal courts; and summary judgments are the tool used to mete out such injustice.

Foreclosures have as a consequence the deprivation of life, liberty and property; and as such have the same constitutional stakes to homeowners as criminal indictments have to citizens excused of crimes. Homeowners should have the same constitutional protections: i.e. assistance of counsel when they are unable to afford one, mandatory record of all proceedings, mandatory discovery, and a trial by jury on the merits of the case. Summary judgments in cases that result in deprivation of life, liberty and property are unconstitutional. State foreclosure laws that fail to protect homeowners' rights to possession of their property and instead allow life and liberty altering evictions to occur prior to full adjudication of title are unconstitutional.

Sincerely,

Denise Subramaniam

CC: U.S. Congresswoman Suzanne Bonamici; and U.S. Senators Ron Wyden, Jeff Merkley and Elizabeth Warren; Oregon Senator Elizabeth Steiner Hayward, Oregon Representative Ken Helm