IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| In the matter of a Foreign Judgment rendered in the case of<br><br>LNV CORPORATION, a Nevada Corporation,<br>            Plaintiff<br><br>v.<br><br>DENISE SUBRAMANIAM;<br><br><br>           Defendant | Case NO. C155181 CV<br><br>**MOTION TO SET ASIDE DEFAULT JUDGMENT FOR LACK OF SERVICE, OR IN THE ALTERNATIVE FOR FRAUD UPON THE COURT**<br><br>FILED CONCURRENTLY WITH:<br>A) Declaration of JoAnn Breitling<br>B) Defendant's Writ of Mandamus in the U.S. Ninth Circuit Court of Appeals<br>C) Defendant's En Banc Motion;<br>D) Defendant's Motion for ADA Accommodation;<br>E) Reply to LNV's Objection to Defendant's Motion for ADA Accommodation;<br>F) Defendant's Motion for Emergency Injunctive Relief;<br>G) Defendant's Letter to Clerk and Notice of Constitutional Questions Challenging Constitutionality of Summary Judgments and of Oregon Foreclosure Laws;<br>H) Defendant's letter to the Solicitor General of the U.S. Dept. of Justice; |

DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND VACATE SEHERIFF'S SALE OF HER PROPERTY FOR LACK OF SERVICE, OR IN THE ALTERNATIVE FOR FRAUD UPON THE COURT

Here comes Defendant, Denise Subramaniam, pro se, and moves this court pursuant to ORCP 71 B(1)(a), or in the alternative pursuant to ORCP 71 B(1)(c) to set aside the default judgment ordered in this case and to vacate the subsequent Sheriff's sale of Defendant's home to Plaintiff LNV Corporation on January 28, 2016 that resulted in her being forcefully evicted along with her roommate Linnie Messina only ten (10) days later causing them to both become homeless

and to suffer horrific damage to their health and wellbeing; and in support of her motion Defendant states the following:

Defendant never received service of summons in this matter therefore she had no opportunity to make an appearance and to defend her property interests. Defendant is a disabled person as defined by the Americans with Disabilities Act, ("ADA"). The symptoms of Defendant's disabilities include unexpected and prolonged periods of mental fogginess and dysfunction; and during these periods of dysfunction she in unable to function normally and is unable to keep up with her email and even her physical mail. From the end of November 2015 until she reached out to friends for help in March 2016 Defendant was suffering both physical problems and was even hospitalized in December and the mental fogginess and dysfunction associated with her disabilities severely compromised her ability to function normally. (See Exhibits A & C)

Counsel for LNV, Gabrielle Richards, was keenly aware of Defendant's disability and of these aforementioned facts specific to Defendant being unable, due to her disabilities, to keep up with her email and her physical mail when she suffered an episode of dysfunction. Defendant had informed Ms. Richards of this multiple times and specifically asked her to phone Defendant if she failed to respond to an email or other written communication. Ms. Richards never phoned Defendant about this matter. No attempt was made to assure that Defendant actually knew about this matter. Ms. Richards knew or should have known that if Defendant failed to make an appearance then she was unaware that this case was filed against her.

THEREFORE Ms. Richards willfully exploited what she knew were symptoms of Defendant's disability so that she would not make an appearance to defend her interests in this matter so that Ms. Richards could obtain a default judgment for her client. Ms. Richards also failed to inform

this court that Defendant had appealed the foreign summary judgment order used to secure the default judgment in this matter. Defendant has attached some of her pleadings in the U.S. Ninth Circuit Court of Appeals in support of this motion.

Defendant is only one of many victims of LNV Corporation, which is merely a corporate fiction alter ego for Daniel Andrew "Andy" Beal ("Andy Beal"). Many of these victims, like Defendant, have lost their property due to summary judgments in federal courts where the presiding judges ignored significant evidence that the mortgage notes, allonges, deeds of trust, assignments of deeds of trust and affidavits submitted to these courts by attorneys representing LNV Corporation as evidence of LNV Corporation's standing to foreclose were falsified and forged documents. The actions of these specific judges demonstrate the existence of bias and overt discrimination against the Beal victims who are homeowner pro se litigants as a result of being economically disadvantaged members of classes protected by the Fourteenth Amendment. Additionally statistics show the existence of a discriminatory disparate impact against homeowner pro se litigants and a disproportionate number of summary judgments for foreclosures are ordered by courts against them, thus unconstitutionally depriving them of the life, liberty and property without due process, equal protection of law, or a jury trial. As a group, Defendant and the other Beal victims now in various U.S. Courts of Appeals have made a challenge to the constitutionality of summary judgments; and to state foreclosure laws that allow homeowners to be evicted based on a summary judgments when the homeowner has appealed that summary judgment.

As a pro se litigant Defendant is already disadvantaged; but as a disabled pro se litigant she is exceptionally vulnerable to deprivation of her civil rights by skilled attorneys who are willing to manipulate the circumstances of her being disabled to achieve their clients' goals by assuring she

1 will not be receive notice and make an appearance to defend her property interests. Defendant
2 has vigorously done so for the past ten (10) years and has responded to every legal complaint
3 made against her. The very fact that Defendant did not make an appearance in this matter was
4 cause for Ms. Richards to know Defendant never received service of summons. Ms. Richards
5 moved forward with knowledge and maleficus intent to defraud and harm Defendant and to
6 deceive this court to obtain a default judgment for her client.

7 The U.S. Ninth Circuit Court of Appeals had not ruled on Defendant's motion and application to
8 file in forma pauperis at the time of the Sheriff's sale and no scheduling order had been issued.
9 Not knowing what else to do to stop the Sheriff's sale, and thinking it was ordered by the federal
10 court Defendant filed a FRCP Rule 60 motion for relief of judgment and a motion to
11 recuse/disqualify Judge Mosman in the federal court. Mosman denied both; there is no
12 appearance of impartiality when the same judge accused of bias denies the very motion accusing
13 him of such. Federal Judge Michael W. Mosman overtly discriminated against Defendant in the
14 U.S. District Court (he has a reputation and a record for such discrimination against pro so
15 litigants). It appears Judge Mosman never read Defendant's pleadings also a common complaint
16 from other pro se litigants that have had summary judgments ordered against them by Judge
17 Mosman. He ignored substantiated evidence that the note and deed of trust submitted to court by
18 LNV Corporation were digitally altered copies manufactured to look like genuine originals with
19 intent to deceive. Every person who has viewed the color copy of LNV's purported "original"
20 deed of trust submitted into the U.S. District Court record by LNV Corporation, even casual
21 observers, immediately notice the flaws that make the authenticity of this document highly
22 questionable. Defendant's initials are in black ink on all pages except on pages with blue
23 signatures; on those pages her initials are in matching blue ink.

1  After Judge Mosman denied Defendant's motion for relief in federal court she became
2  despondent; but the other Beal victims told her to search state law because Sheriff's are state
3  and/or county officials and if the sale involved a Sheriff there had to be a way to appeal to a state
4  or county court. The only thing Defendant could find that seemed applicable was a motion to
5  challenge a garnishment. Because the federal court judgment was written as a monetary award
6  on the note Defendant thought at the time that the Sherriff's sale was the result of a garnishment.
7  Her former bankruptcy attorney had filed a Chapter 7 bankruptcy in 2011 and he told her that the
8  debt on the note had been extinguished in bankruptcy so she challenged the garnishment based
9  on this. She realizes now her thinking about this was completely faulty, but a constitutional issue
10 is raised by the way the clerk of this court treated her. On the morning of the Sheriff's sale
11 Defendant tired to file her motion and the clerk told her she needed a case number. Defendant
12 didn't have a case number. She thought to get a case number she needed to file a complaint
13 against LNV Corporation. The clerk told her to do that she'd have to pay a $252 filing fee, which
14 Defendant didn't have.  Although Defendant did not understand that there must have been a case
15 filed against her by LNV Corporation, the clerk must have known this fact. Defendant was
16 highly agitated and told the clerk repeatedly that they were going to sell her home in a few
17 minutes if he couldn't get her motion filed. The very nature of the court clerk's job caused her to
18 fully understand that a Sheriff's sale would have required an action against Defendant by the
19 party behind the Sheriff's sale.  Had that clerk just explained to Defendant that the case number
20 she needed would be a case against her filed by the party behind the Sheriff's sale then
21 Defendant would have immediately realized the case name would be "LNV Corporation v.
22 Denise Subramaniam" and would have asked to clerk to look up that case name and then she'd
23 have had the case number to this matter and could have filed her motion and gotten the hearing

before the judge who would/should have immediately realized Defendant was never served notice and could/should have set aside the default judgment and the Sheriff's sale and prevented the horrific suffering Defendant has endured living in her Jeep for nearly five months now.

The scenario above is only one example of many similar experiences of Beal victims and other homeowner pro se litigants with court clerks that deprive them of their civil rights because they are pro se litigants.

As a pro se litigant Defendant is always learning what she needs to know behind the curve and only last week she discovered that since she was not served notice of this matter the default judgment should be set aside in this very court and the Sheriff's sale vacated. Her motion is timely. The facts, justice and the letter of law dictate that the default judgment and the sale of Defendant's property to LNV Corporation should be set aside. If this is not done immediately then her property will be sold to a third party by LNV Corporation and Defendant will suffer irreparable harm. She is currently living in a Jeep with temperatures outside reaching 90 degrees or more and inside well over 120 degrees. No monetary award will compensate for the loss of Defendant's home because of the fact that her home accommodates her disabilities and because it is located near to her family and near the medical services she needs.

Defendant never received service of summons. She had no idea that LNV had filed this case in this court against her. As a matter of law and in the interest of justice the default judgment ordered in this matter should be immediately set aside along with the Sheriff's sale of Defendant's property pursuant to ORCP 71 B(1)(a) or ORCP 71 B(1)(c).

## PRAYER FOR RELIEF

Defendant prays for immediate relief from the default judgment in this matter that has resulted in an egregious deprivation of her life quality, her liberty and her property without due process,

without equal protection of law and without a jury trial in violation of her constitutional rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Defendant additionally moves the court for sanctions against attorney Gabrielle Richards for willful exploitation of Defendant's disabilities with intent to harm her and to deprive her of her civil rights; and for willful failure to inform this court about Defendant's appeal of the foreign summary judgment order.

Defendant further prays for immediate restitution of the damages Defendant has suffered as a result this default judgment obtained through Plaintiff's maleficence and the subsequent Sheriff's sale of her property; her eviction and removal of and damage to her personal property; storage fees; gasoline expenses; emotional distress and physical harm to her body; and for any other relief this court deems fit for the circumstances.

Respectfully Submitted,

_____

Denise Subramaniam

## CERTIFICATE OF SERVICE

The above signed hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record, pro-se parties via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested.